IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK L. BROWN, :
:
      Plaintiff, : CIVIL NO. 3:CV-09-1946
:
v. :
:
: (Judge Vanaskie)
SCOTT BLUE, et al., :
:
      Defendants. :

## MEMORANDUM

### Background

Derrick L. Brown, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), proceeding pro se, filed this civil rights complaint on October 8, 2009.[1] Along with his complaint, Brown has submitted an application requesting leave to proceed in forma pauperis.

Named as Defendants are the following USP-Lewisburg officials: Warden B. A. Bledsoe; Chief Psychologist L. Karpen; Associate Wardens C. Maiorana and K. Rear; Unit Manager John Adami; Case Manager Matt Rodarmel; Lieutenant S. Heath; Correctional Officer Scott

---

[1] Listed as an additional Plaintiff is Kareem Hassan Milhouse, who is also presumably an inmate at USP-Lewisburg. (Dkt. Entry # 1 at 1-a.) Milhouse has not submitted an in forma pauperis application or paid the required filing fee or any portion thereof.

Blue; Administrative Remedy Coordinator Scott Finley; "S.I.S." N. Dreese and J. Moscerallo; S.I.A. F. Perrin; and "SMTS" Heather Birdsall. (Dkt. Entry # 1. at 1-a.)

The Complaint states that on the afternoon of July 29, 2009 inmate Darryl Lee Jamie committed suicide by hanging himself in his Special Management Unit (SMU) cell. Jamie's death was discovered by Correctional Officer Blue, "while finally making his first ever security rounds for that day." (Id. at 2-a.). The Complaint generally alleges that the failure to prevent Jamie's suicide was due to Defendants' "negligence, gross negligence and intentional wrongs." (Id.) The Complaint adds that "no thorough investigation" was conducted. (Id.)

According to the Complaint, Defendants' failure to perform their duties "has placed every prisoner ...in great fear, imminent danger and unsafe [sic]!" (Id.) The Complaint alleges that Plaintiffs suffered emotional distress as a result of witnessing "all that transpired" and notes that no counseling services were made available following the incident. (Id.) The Complaint seeks an award of compensatory and punitive damages as well as declaratory and injunctive relief, including Plaintiffs' immediate release.

The complaint is currently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(b).[2] For the reasons that follow, the Complaint will be dismissed.

---

[2] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no

Discussion

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

Emotional Injury

Congress has provided that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In Allah v. Al-Hafeez, 226 F.3d 247, 250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff fails to allege actual injury, § 1997e(e) bars recovery of compensatory

---

responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

damages. Since there are no physical injuries to either Plaintiff described or alleged in the Complaint, there is no viable basis for an award of compensatory damages.

Immediate Release

As partial relief, Plaintiffs seek their immediate release from custody. It is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975).

The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sound in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985). Pursuant to the standards announced in Preiser and Georgevich, Plaintiffs' request for immediate release cannot be entertained by this Court.

Standing

A party may represent his or her own interests in federal court. See Winkelman v. Parma City School District, 127 S.Ct. 1994, 1999 (2007). However, a plaintiff must have standing in order to bring a claim in federal court. Standing is established when a plaintiff shows that he or she has "suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Marin v. Leslie, 2009 WL 1949136 * 1 (3d Cir. July 8, 2009). A plaintiff must "allege personal injury fairly traceable to

4

the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 816 (2008) (citing Allen v. Wright, 468 U.S. 737, 751 (1984).

A prisoner cannot bring claims on behalf of other inmates. Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981). "Rather, the prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights" Id.; see also Stukes v. Knowles, 229 Fed. Appx. 151, 153 (3d Cir. 2007) (Stukes "cannot sue for the deprivation of another's civil rights."). Accordingly, Plaintiffs are precluded from seeking relief for any constitutional deprivations which caused injury to Inmate Jamie or his estate.

Plaintiffs indicate that they are seeking relief on the grounds that they suffered emotional distress from witnessing events associated with Jamie's suicide. There is, however, no constitutionally-protected interest implicated by witnessing an alleged violation of another's constitutional rights. See McKelvie v. Cooper, 190 F.3d 58, 64 (2d Cir. 1999); Archuleta v. McShan, 897 F.2d 495, 498 (10th Cir. 1990); Grandstaff v. City of Borger, 767 F.2d 161, 172 (5th Cir.1985); Coon v. Ledbetter, 780 F.2d 1158, 1161 (5th Cir.1986). As explained in Archuleta, "there is an element of deliberateness in directing the misconduct toward the plaintiff before the Due Process is implicated. . . ." 897 F.2d at 498. As in Archuleta, the shortcoming of Plaintiffs' claim in this matter "is that no state conduct was directed at [them], and [they] cannot establish that defendants had the requisite intent to violate [their] rights. [They were]

merely . . . bystander[s] . . . asserting indirect and unintended injury as a result of . . . conduct directed toward another." Id. Because "there is no constitutional right to be free from witnessing" an alleged violation of another's constitutional rights. Grandstaff, 767 F.2d at 172, Plaintiffs cannot satisfy the injury in fact requirement to bring a civil rights claim in federal court.

Pendent Jurisdiction

Federal courts have jurisdiction over state claims which are related to the federal claims and arise from a common nucleus of operative facts. See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); see also Aldinger v. Howard, 427 U.S. 1, 9 (1976). Congress, however, has provided that a district court may decline to exercise supplemental jurisdiction over a claim when the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). When the federal claim is dismissed prior to trial, a district court should decline to decide the pendent state claims, "unless considerations of judicial economy, convenience, and fairness provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995). No such justification is present here. Accordingly, jurisdiction will be declined with respect to any pendent state law claims Plaintiffs may wish to pursue.

An appropriate Order will enter.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK L. BROWN,<br>      Plaintiff<br><br>v.<br><br>SCOTT BLUE, et al.,<br>      Defendants | CIVIL NO. 3:CV-09-1946<br><br>(Judge Vanaskie) |

## ORDER

NOW, THIS 10th DAY OF NOVEMBER, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. The Complaint is DISMISSED WITHOUT PREJUDICE as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

2. Jurisdiction is declined with respect to any state law claims.

3. The Clerk of Court is directed to CLOSE the case.

4. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

                                              s/ Thomas I. Vanaskie
                                              Thomas I. Vanaskie
                                              United States District Judge